IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LESLIE YOUNG          PLAINTIFF
ADC #709094

v.            4:20-cv-00224-DPM-JJV

JEFFREY STIEVE,
Director, Health Care Services; *et al.*          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

### DISPOSITION

**I.  INTRODUCTION**

Leslie Young ("Plaintiff") is a prisoner in the McPherson Unit of the Arkansas Division of Correction ("ADC"). She has filed a *pro se* Amended Complaint pursuant to 42 U.S.C. § 1983 alleging Defendants violated her Eighth Amendment right to receive adequate medical care by failing to give her appropriate diagnostic testing and direct-acting antiviral drugs ("DAA") for treatment of chronic Hepatitis-C ("HCV"). (Doc. 75). She also says Defendants have an unconstitutional policy or practice of denying proper testing and DAA treatment to all prisoners

1

who have HCV. Plaintiff brings these claims against Defendants Dr. Jeffery Stieve, Dr. Joseph Hughes, Dr. Chris Horan, Dr. Judd Bazzel, Dr. Karl Keldie, William Boylan, Melissa Moore, Michelle Griswold, Deb Stieve, and Wellpath, LLC.[1] As relief, Plaintiff seeks damages and injunctive relief.

Defendants have filed a Motion for Summary Judgment arguing they are entitled to dismissal as a matter of law. (Docs. 115, 116, 117.) Plaintiff has not filed a Response, and the time to do so has expired. Thus, the facts in Defendants' Statement of Undisputed Facts are deemed admitted.[2] After careful consideration and for the following reasons, I recommend the Motion be GRANTED, Plaintiff's claims against Defendants be DISMISSED with prejudice, and this case be closed.

## II.  SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284

---

[1] On August 5, 2020, the Doe Defendants were dismissed without prejudice. (Doc. 39). On November 18, 2020, Defendants Griffin and Wilson were dismissed without prejudice. (Doc. 68.) On January 12, 2022, Defendants Payne and Magness were dismissed with prejudice. (Doc. 120.)

[2] *See* Local Rule 56.1(c) ("All material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party"); *Jackson v. Ark. Dep't of Educ., Vocational & Tech. Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001) (pursuant to Local Rule 56.1(c), a plaintiff who failed to respond to the motion for summary judgment "forfeited her ability to contest the facts presented" by the defendant).

F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   FACTS

Plaintiff was diagnosed with HCV when she arrived at the ADC in 2006. (Docs. 116, 116-1, 116-4.) HCV is a chronic liver infection that can take "decades" to progress from inception until the need for medical treatment. (Doc. 116 at 3; Doc. 116-4 at 2). Prisoners with HCV are monitored by the Hepatitis C Treatment Committee approximately every ninety days and labs are taken to assess their liver functions. (Doc. 116; Doc. 116-4). During the limitations period, Plaintiff was monitored approximately every ninety days in the prison infirmary where labs were drawn to assess her albumin levels, liver enzymes, platelet count, and PT/INR values.[3] (*Id.*) From March 28, 2017 until February 2, 2021, Plaintiff's lab values were below the treatment threshold for HCV, her condition was considered clinically stable, and there was no medical need to treat her with DAA or any other drugs. (*Id.*) An abdominal ultrasound taken on November 4,

---

[3] The statute of limitations for § 1983 actions filed in Arkansas is three-years. *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (citing Ark. Code Ann. § 16-56-105); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (same).

3

2020, revealed no abnormalities. (*Id*.) And, a March 8, 2021 CT scan showed Plaintiff's liver, spleen, and pancreas were unremarkable. (*Id*.)

After monitoring Plaintiff's "values over time," "progressive clinical testing was utilized, including fibrosure testing." (Doc. 116 at 4; Doc. 116-4 at 3.) "As a result, on March 9, 2021, the Hepatitis C Committee recommended treatment with Zepatier," which is a DAA, and sent Plaintiff to a non-party specialist for a consultation. (*Id*.) The specialist suggested Plaintiff take Zepatier for twelve weeks, and she did so from April 1, 2021 to June 28, 2021. (Doc. 116; Doc. 116-4.) Subsequent testing on May 1, 2021 and October 8, 2021 showed Plaintiff had an HCV viral load of zero, which means she no longer had any active virus. (*Id*.)

## IV.   ANALYSIS

To proceed to trial on an Eighth Amendment inadequate medical care claim, there must be evidence that Plaintiff: (1) had an objectively serious need for medical care for HCV; and (2) Defendants subjectively knew of, but deliberately disregarded, that serious medical need. *See Hum. Rts. Def. Ctr. v. Baxter Cty. Arkansas,* 999 F.3d 1160 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). As to the second requirement, deliberate indifference is a high threshold that goes well beyond negligence or gross negligence. *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). It "requires proof of a reckless disregard of the known risk." *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013). In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998).

At the onset, I note Plaintiff's request for injunctive relief is now moot because she has received the requested DAA treatment. As to her request for damages, Dr. Kerstein, who is the EARU Unit Physician, says in his sworn affidavit that it is his professional medical opinion

Plaintiff received appropriate medical care for HCV. (Doc. 116-4) "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he did not feel he received adequate treatment." *Cejvanovic v. Ludwick*, 923 F.3d 503, 508 (8th Cir. 2019); *see also Fourte v. Faulkner Cnty.,* 746 F.3d 384, 390 (8th Cir. 2014) (no deliberate indifference when medical providers "made efforts to cure the problem in a reasonable and sensible manner"). Plaintiff has not provided any contrary medical evidence, and her mere disagreement with the course of treatment she received for HCV is not enough to sustain a constitutional claim. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) ("inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment").

Dr. Kerstein also says Plaintiff was not harmed by any delay in receiving the DAA treatment she requested. To avoid summary judgment, a plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the alleged delay in medical treatment." *Redmond v. Kosinski,* 999 F.3d 1116, 11121 (8th Cir. 2021); *see also Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016). Plaintiff has not done so. To the contrary, during her deposition Plaintiff admitted she received DAA treatment when her fibrosure score was F1-F2, which was before the "critical period of time" for treatment. (Doc. 116-3 at 10-11, 29.) For these reasons, I find no reasonable juror could rule in Plaintiff's favor. Accordingly, I conclude Defendants are entitled to judgment as a matter of law, and I recommend Plaintiff's inadequate medical care claims against the remaining Defendants be dismissed with prejudice.

V.   **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.	Defendants' Motion for Summary Judgment (Doc. 115) be GRANTED; Plaintiff's claims against Defendants Jeffrey Stieve, Hughes, Horan, Bazzel, Keldie, Boylan, Moore, Griswold, Deb Stieve and Wellpath, LLC be DISMISSED with prejudice; and this case be CLOSED.

2.	The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 13th day of January 2022.

                                                       JOE J. VOLPE
                                                      UNITED STATES MAGISTRATE JUDGE